UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HOMESITE INSURANCE COMPANY OF THE MIDWEST, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:13-CV-515-TAV-CCS |
| JEFFERY ROBARDS, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on the Motion to Intervene as Defendant in

Declaratory Judgment Action [Doc. 6] filed by Barbara Weinstein, individually, Jeff

Weinstein, individually, and as the spouse of Barbara Weinstein, and on behalf of S.W.,

individually, and as the minor child of Barbara Weinstein ("the Weinsteins"). Plaintiff

filed a response in opposition [Doc. 7], and the Weinsteins replied [Doc. 8].[1] For the

reasons set forth below, the Court will deny as moot the Weinsteins' motion to intervene.

I.    **Background**

Plaintiff filed a Complaint for Declaratory Judgment [Doc. 1] on August 27, 2013,

pursuant to Tenn. Code Ann. § 29-14-101 *et seq.*, and Rule 57 of the Federal Rules of

Civil Procedure, requesting that the Court "declare the rights and obligations of the

---

[1] The Weinsteins' reply was filed eleven days after plaintiff filed its response, but given the lack of objection by plaintiff, the Court will consider the reply brief. Fed. R. Civ. P. 6(d); E.D. Tenn. L.R. 7.1(a).

parties pursuant to a Homeowners Liability Policy issued by [plaintiff] to [defendant] Jeffery Robards" [Doc. 1 p. 1]. At bottom, plaintiff asked the Court to declare that the policy it issued to defendant does not cover "the injuries, allegations, or claims referenced in Case No. 1-289-13, filed by the Weinsteins against Jeffery Robards, in the [Circuit Court for Knox County, Tennessee]" ("the Weinsteins' Lawsuit") and that plaintiff has no duty to defend or indemnify defendant in that case [*Id.* at 7]. According to plaintiff, defendant asked it to defend he and his wife in that matter, to which plaintiff refused and filed its complaint in this matter [Doc. 7 p. 2]. On October 15, 2013, before defendant had responded to the complaint, plaintiff filed a Stipulation of Dismissal [Doc. 5] stating that the parties had settled all matters between them for valuable consideration [*Id.*]. In other words, defendant released plaintiff from any obligation to defend or indemnify him in the Weinsteins' Lawsuit in exchange for valuable consideration [Doc. 7 p. 2]. Therefore, plaintiff dismissed the instant cause of action with prejudice [Doc. 5].[2]

On October 24, 2013, the Weinsteins filed their motion to intervene and proposed answer to plaintiff's complaint [Docs. 6, 6-1], submitting that they should be allowed to intervene either as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or with the permission of the Court pursuant to Rule 24(b)(1)(B) [Doc. 6 p. 1]. In support of this motion, the Weinsteins assert that they have a legally protectable interest in the

---

[2] Because defendant had yet to file an answer or motion for summary judgment when the stipulation of dismissal was entered, this stipulation constituted a voluntary dismissal for which court approval was unnecessary. Fed. R. Civ. P. 41(a)(1)(A)(ii).

subject matter of this case that will be substantially impaired if they are not permitted to intervene [*Id.* at 3].

To this end, they argue that defendant, who is proceeding pro se and does not possess a law license, is not asserting defenses available to him in this matter, namely "that his wife was an insured or that the insurance [company] is required to defend and indemnify Robards and his spouse for their negligent acts" [*Id.*]. Moreover, the Weinsteins allege that plaintiff's failure to defend or indemnify defendant in the Weinsteins' Lawsuit "may render him judgment proof" [*Id.*]. Therefore, the Weinsteins submit, if they are not permitted to intervene and defend against plaintiff's complaint, they "may be foreclosed from proceeds arising under the indemnity obligation of the insurer to the insured and . . . thus be unable to recover for their damages [in the Weinsteins' Lawsuit]" [*Id.*].

In response, plaintiff states that the Court lacks jurisdiction over the Weinsteins' motion because the stipulation of dismissal obviated any controversy before the Court [Doc. 7 p. 2]. Plaintiff further contends that the Weinsteins' motion to intervene is untimely and that they have not satisfied the Rule 24 standards for intervention as a matter of right or with the Court's permission [*Id.* at 3]. The Weinsteins replied in rebuttal to these arguments, adding that plaintiff is, in their view, trying to "avoid inclusion of a necessary party . . . for purposes of settling and removing its contractual obligations under an insurance policy with the named insured, all the while using its own

3

actions to exclude [the Weinsteins] as a shield from Court review or adversarial . . .

scrutiny" of its complaint [Doc. 8 p. 3].

## II.    Analysis

This action was dismissed pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(ii) as the parties stipulated to its dismissal with prejudice before defendant

had filed a responsive pleading.  "A voluntary dismissal with prejudice operates as a final

adjudication on the merits," and "[i]n such a case, the plaintiff's stipulation is the legally

operative act of dismissal and there is nothing left for the court to do."  *Warfield v.*

*AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541–42 (6th Cir. 2001); *see also*

*Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984) ("Caselaw

concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a

stipulation of dismissal is effective automatically and does not require judicial

approval.").[3]   In fact, a Rule 41(a)(1)(A)(ii) stipulation of dismissal "terminate[s] the

district court's jurisdiction except for the limited purpose of reopening and setting aside

the judgment of dismissal within the scope allowed by Rule 60(b) of the Federal Rules of

Civil Procedure."  *Hinsdale v. Farmers Nat. Bank & Trust Co.*, 823 F.2d 993, 995–96

(6th Cir. 1987) (citations and internal quotation marks omitted).

In a case where a Rule 41(a)(1)(A)(ii) stipulation of dismissal, complete with the

signatures of all parties, was filed four days *after* a nonparty's motion to intervene, the

court held that "[b]ecause the stipulations of dismissal were effective when filed, there is

---

[3] Rule 41(a)(1)(ii) was the predecessor to current Rule 41(a)(1)(A)(ii).

4

no action in which to intervene and the motions to intervene are moot." *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 621 (D. Mass. 1988); *see also Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547–48 (4th Cir. 1993) (holding that after the plaintiff voluntarily dismissed its action, "the district court had no discretion to allow [a nonparty] to intervene in the defunct action"); *City of Bridgeport v. U.S. Dep't of Army*, No. 3:09-CV-0532CSH, 2009 WL 3254475 (D. Conn. Oct. 6, 2009) (motion to intervene mooted by voluntary dismissal); *Nance v. Jackson*, 56 F.R.D. 463, 471 (M.D. Ala. 1972) (holding that once voluntary dismissal has been granted by court order, "there is no justiciable action pending in which to intervene"). The Court lacks jurisdiction over motions to intervene under such circumstances because "there is no 'case or controversy' pending in light of the dismissal." *GMAC Commercial Mortgage Corp. v. LaSalle Bank Nat. Ass'n*, 213 F.R.D. 150, 150 (S.D.N.Y. 2003).

Here, the stipulation of dismissal signed by plaintiff and defendant, which was effective when filed on October 15, 2013, divested the Court of jurisdiction over this matter nine days before the Weinsteins sought to intervene. The only exception to this divesture is that the Court maintains jurisdiction to reopen and set aside the dismissal to the extent permitted by Federal Rule of Civil Procedure 60(b). The Weinsteins have sought such relief in a collateral matter, and the Court is contemporaneously filing an order denying that relief. In this matter, however, there is no longer a justiciable action before the Court in which the Weinsteins may intervene. Accordingly, the motion to intervene will be denied as moot.

5

The Weinsteins assert that they are a required party in this now-dismissed declaratory judgment action under Tenn. Code Ann. § 29-14-107(a) and should therefore be permitted to intervene. Irrespective of whether the Weinsteins fit within the ambit of this statute, its provisions have no bearing on whether a justiciable action remains before the Court in which the Weinsteins can intervene.

## III. Conclusion

For the reasons stated herein, the Court will **DENY as moot** the Motion to Intervene as Defendant in Declaratory Judgment Action [Doc. 6].

ORDER ACCORDINGLY.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

6